UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| JOSHUA PETER LINDSEY,        ) | |
| )  | |
| Plaintiff,                   ) | |
| )  | Case No. 2:13-cv-00390-JMS-WGH |
| vs.                          ) | |
| )  | |
| BENJAMIN SCOTT,              ) | |
| )  | |
| Defendant.                   ) | |

**Entry Directing Plaintiff to Show Cause, Denying Pending Motions, and Issuing Partial Stay**

**I.     Submission of Fraudulent Papers**

The plaintiff, as discussed in this Entry, has demonstrated a propensity to submit fraudulent papers with this Court, and such tactics will not be tolerated.

In the Entry of March 18, 2014, the Court directed the plaintiff to show cause why Rule 11 sanctions should not be imposed for the plaintiff having submitted forged documents to the Court in support of his amended complaint. [Dkt. 35.] In response, the plaintiff denied forging a prison staff employee's signature. In the Entry of April 2, 2014, the Court decided that, rather than waste more judicial resources on the disputed issue, for the time being, it would not impose sanctions against the plaintiff for having submitted copies of false exhibits. The Court warned the plaintiff, however, that it "will remain alert to any future discrepancies in documents presented by Mr. Lindsey and will show no more lenience if persuaded that he has attempted to present altered or fraudulent evidence." [Dkt. 41.]

The Court has also taken judicial notice in this action that the plaintiff had intentionally filed misleading and altered medical documents to fraudulently support his claims in another case, *Lindsey v. Brown,* 2:13-cv-0068-JMS-WGH (S.D. Ind. Sept. 11, 2013) (dismissed as malicious

and brought for purposes of harassment) ("No relief should be granted in a case when evidence is purposefully manufactured to support false allegations, gain the court's attention, harass the defendants, and obtain a transfer to another prison or other relief.").

On November 5, 2014, in support of his motion for summary judgment, the plaintiff submitted four declarations allegedly drafted and signed by Psychologist Felisa Gaffney; L.P.N. Teresa Lennings Allen; Case Manager Beverly Gilmore; and Unit Team Manager Jerry Snyder. [Dkt. Nos. 103-1, 103-2, 103-3, 103-4, 107.] The statements purport to corroborate the plaintiff's allegations against defendant Officer Scott in this action. The plaintiff sought leave to not disclose these statements to the defendant. That request was denied as baseless. [Dkt. 110.] Tipping his hand, the plaintiff asserted that the declarants would deny having signed the documents. Not surprisingly, the declarants have now each declared under penalty of perjury that they had never seen nor signed the statements the plaintiff filed in support of his motion for summary judgment. [Dkt. Nos. 122, 123-6, 123-24, 123-25, 123-26.]

The Court has two "tools that are available in extreme cases to protect public officials from undue harassment: Rule 11, which authorizes sanctions for the filing of papers that are frivolous, lacking in factual support, or "presented for any improper purpose, such as to harass"; and 28 U.S.C. § 1915(e)(2) (1994 ed. Supp. II), which authorizes dismissal 'at any time' of *in forma pauperis* suits that are 'frivolous or malicious.'" *Crawford-El v. Britton,* 523 U.S. 574, 600 (1998). Monetary sanctions would be meaningless given the plaintiff's *in forma pauperis* status. The appropriate sanction for his continued submission of fraudulent documents is dismissal of this action with prejudice. *See Jackson v. Murphy*, 468 Fed. Appx. 616, 620, 2012 WL 759363, *3 (7th Cir. Mar. 9, 2012) (holding that the sanction of dismissal was "entirely warranted" where plaintiff both perjured himself and forged a document critical to the prosecution of his case); *Thompson v.*

*Taylor*, 473 Fed. Appx. 507, 509, 2012 WL 1035718, *2 (7th Cir. Mar. 29, 2012) (finding district court did not err in determining that plaintiff's misrepresentation was fraudulent and grounds for dismissal); *Hoskins v. Dart*, 633 F.3d 541, 543 (7th Cir. 2011) (same); *see also Garcia v. Berkshire Life Ins. Co. Of America*, 569 F.3d 1174, 1180 (10th Cir. 2009) (finding severe sanction of dismissal was warranted where plaintiff submitted falsified evidence). Although the Court has considered issuing an order banning the plaintiff from filing any other cases or papers in this Court in the future without seeking prior authorization, it will not go that far at this time. *See Support Systems Intern., Inc. v. Mack,* 45 F.3d 185, 186 (7th Cir. 1995) (courts may "enjoin the frivolous litigant from filing any paper with the court or its personnel without express prior authorization by a judge of the court.").

The Court is aware that the sanction of dismissal is severe, but it is nonetheless warranted in this case. The Court has limited resources, and it will not spend any more time dealing with the consequences of the plaintiff's attempts to fraudulently manipulate the judicial process. The plaintiff was adequately warned and he was fully aware when he filed the likely forged statements of what he was doing. Based on the pattern of misconduct demonstrated by the plaintiff in this case and in 2:13-cv-0068-JMS-WGH, dismissal of this action appears the only way to deter the plaintiff from submitting any more fraudulent papers.

## II. Show Cause, Denial of Pending Motions, and Stay

Pursuant to Rule 11(c), the plaintiff shall have an opportunity, **through December 5, 2014,** in which to **show cause** why the action should not be dismissed for the violations of Rule 11 and pursuant to 28 U.S.C. § 1915(e)(2), as discussed above.

All pending motions, including dkt. nos. 88, 111, 112, and 125, are **denied without prejudice.** Except for the plaintiff's response to this order to show cause, or any other matter

directed by the Court, no other motions shall be filed by the plaintiff and all other activities and deadlines in the action are **STAYED.**

    **IT IS SO ORDERED.**

Date:   11/18/2014

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

JOSHUA PETER LINDSEY
DOC 112177
Westville Correctional Center
Electronic Service Participant – Court Only

Electronically registered counsel